<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| QUAWEE L. JOHNSON,<br><br>      Plaintiff,<br><br>      v.<br><br>EMILIA HEINTZ, *et al.*,<br><br>      Defendants. | No. 26cv1996 (EP) (SDA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Quawee L. Johnson filed a complaint alleging that his caseworker and the manager at the Miller Street Pathways to Housing Center, Defendants Emilia Heintz and GG, respectively, have defamed his character, caused him emotional distress, and acted negligently. D.E. 1 at 3.[1]

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint ***without prejudice*** for failure to state a claim and allow Plaintiff **45 days** to file a proposed amended complaint.

---

[1] Plaintiff also filed additional allegations regarding his negligence claim in documents he styles "Amended Complaint." D.Es. 3 & 4. The Court construes D.Es. 1, 3, and 4 together as his "Complaint" or "Compl."

## I.    LEGAL STANDARD

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).  A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

To adjudicate a civil case, a federal court must have subject matter jurisdiction. *Weeks v. Bowman*, No. 16-9050, 2017 WL 557332, at *1 (D.N.J. Feb. 10, 2017) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541–42 (1986)).  The jurisdiction of federal courts is limited.  Federal jurisdiction is available only when a "federal question" is presented or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.  "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). If jurisdiction is lacking, the court must dismiss the action. *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Phila.*, 657 F.2d 29, 36 (3d Cir. 1981).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to

2

dismissal for failure to state claim under section 1915(e)(2)(B)).[2]   To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

## II.    ANALYSIS

### A.    The Court Will Grant Plaintiff's IFP Application

Having reviewed Plaintiff's IFP Application, the Court determines that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit."  *Walker*, 886 F.2d at 601.  Therefore, the Court will **GRANT** Plaintiff's IFP Application.

### B.    Plaintiff Fails to State a Claim over Which This Court Has Original Jurisdiction

Because—for the reasons stated below—the Court concludes that Plaintiff's Complaint does not state a claim over which this Court has original jurisdiction (given there is no federal question or diversity jurisdiction) and the Court further declines to exercise supplemental

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service.  *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

jurisdiction over Plaintiff's state law claims, the Court will **DISMISS** Plaintiff's Complaint *without prejudice*.

Plaintiff brings three claims against Defendants: (1) defamation, (2) intentional infliction of emotional distress, and (3) negligence.[3]  D.E. 1-4 at 2; D.E. 3 at 1; D.E. 4 at 1.  These are all state law torts.[4]  Accordingly, Plaintiff's Complaint has not presented a federal question.  *See* 28 U.S.C. § 1331.

In addition, Plaintiff does not assert—and the Court does not find—that this Court has diversity jurisdiction over the parties under 28 U.S.C. § 1332, considering that Plaintiff and both Defendants reside in New Jersey.  D.E. 1 at 1–2.

The Court therefore does not have subject matter jurisdiction over Plaintiff's state law claims—through either federal question jurisdiction or diversity jurisdiction.  *See Trent Realty Assocs.*, 657 F.2d at 36.

Pursuant to 28 U.S.C § 1367, a district court "may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  Here, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See, e.g.*, *Grossberger v. Cormack*, No.

---

[3] Plaintiff also describes what may be a contractual claim.  *See* D.E. 1 at 3 ("Ms. GG the shelter manager [has] forced me to throw out clothes with promises of better clothing in cold weather but [has] not done so . . . .").  In any event, this is a state law claim over which this Court does not have original jurisdiction, either.

[4] Nor does Plaintiff allege a § 1983 claim that may bring any of the claims alleged under the ambit of the Court's federal jurisdiction.  To properly state a claim under § 1983, a plaintiff must allege (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Plaintiff does not allege that either Defendant, who are both employed at the Miller Street Pathways to Housing Center, are state actors or conspired with any state actors in taking any of the actions described in the Complaint.  *See generally* Compl.

24-8182, 2025 WL 1193994, at *3 (D.N.J. Apr. 24, 2025) (declining to exercise supplemental jurisdiction over *pro se* plaintiff's state law claims after finding no federal claims upon screening under 28 U.S.C. § 1915(e)(2)(B)).  Accordingly, the Court will **DISMISS** Plaintiff's Complaint *without prejudice*.

## III.    CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP Application and **DISMISS** the Complaint *without prejudice*.  Plaintiff may file a proposed amended complaint within **45 days** of the Order accompanying this Opinion that cures the deficiencies identified herein.  An appropriate Order accompanies this Opinion.


Dated: April 10, 2026

_____
Evelyn Padin, U.S.D.J.

5